IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TRUSTEES OF THE 4TH DISTRICT
IBEW HEALTH FUND,

          Plaintiff,

v.                                            CIVIL ACTION NO.   3:20-0131

H & H ELECTRIC CORPORATION,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Judgment as to Damages; Attorney's Fees and Costs (ECF No. 51.) For the reasons herein, the Motion is **GRANTED**.

On February 17, 2020, Plaintiff filed an action alleging that Defendant, pursuant to the terms of a Collective Bargaining Agreement, was required to contribute to Plaintiff's trust fund and failed to do so. *See e.g.,* Compl., ECF No. 1. Defendant, H&H Electric Corporation, was served with a Summons and Complaint on November 4, 2020, and failed to answer or otherwise plead within the prescribed time. ECF No. 23. The Clerk of Court issued an Entry of Default against Defendant on November 30, 2020. ECF No. 25. On December 16, 2020, the Court entered judgment in Plaintiff's favor as to liability on all claims asserted in the Complaint, reserving the calculation of damages for a later date when Defendant complied with an audit of its books and records. ECF No. 30.

Following significant additional process, Plaintiff obtained Defendant's cooperation with the requested audit, which finally disclosed no contributions due to Plaintiff's fund from

Defendant. Although the audit did not disclose an obligation to Plaintiff, Defendant's owner, John Hawkinberry, generally refused to cooperate. His failure to cooperate caused the filing of this suit and throughout the litigation, he failed to respond to several court orders and otherwise ignored Plaintiff's communications, as discussed above. Because of this, Plaintiff moved for Judgment as to Attorney's Fees and Costs.

ERISA provides that "in any action [by an ERISA fiduciary to enforce an employer's obligation to contribute to a multiemployer plan] in which a judgment in favor of the plan is awarded, the court shall award the plan …. reasonable attorney's fees and costs of the action, to be paid by the defendant…." 29 U.S.C. § 1132(g)(2)(D). Here, Plaintiff was granted an entry of default judgment, and so the Court is required to award reasonable attorney's fees and costs.

"[D]etermination of the hourly rate will generally be the critical inquiry in setting the 'reasonable fee,' and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). "In addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* "After determining the initial fee, the district court should consider whether to adjust the fee on the basis of other factors, briefly explaining any adjustment." *Colonial Williamsburg Foundation v. Kittinger Co.,* 38 F.3d 133, 138 (4th Cir. 1994). In so doing, the court should consider the twelve factors enumerated in *Barber v. Kimbrell's, Inc.,* 577 F.2d 216, 226 n. 28 (4th Cir. 1978):

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the

professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Here, the attorney's fees requested are reasonable. Mr. Dascoli, Plaintiff's attorney, billed at $200 per hour and expended 38 hours on the matter, which lasted almost two years. *See* Ex. 1, ECF No. 51-4. This resulted in fees of $7,600. He also collaborated with attorneys and paralegals at the firm of Ledbetter Parisi, LLC, primary fund counsel to the 4th District IBEW Health and Welfare Fund. These professionals expended 22.9 hours on the matter, and time was billed at between $205-$230 per hour for attorney time and $110 per hour for paralegal time, resulting in total fees of $4,732.50. Ex. 2, ECF No. 51-5. The inclusion of documentation showing that a similar firm billed a similar rate helps to establish a prevailing market rate and show that Mr. Dascoli, an attorney with many years of experience, charged a reasonable rate. The combined attorney's fees total $12,332.50.

Filing and service costs were expended in the amount of $754.10. Ex. 1. The supporting documentation and affidavit show that the rates billed and hours expended were reasonable. Further, the continued need for attorney involvement in the case stemmed from Defendant's inability to timely produce the documentation required for an audit and generally required by law, which would have revealed his lack of liability and ended the matter in a timely fashion.

For the foregoing reasons, the Court **ORDERS** that and **ADJUDGES** that Defendant is liable to Plaintiff for the amount of $ 13,086.60 in attorney's fees and costs.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented parties.

ENTER: November 30, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE